IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PETE McCOTRY, JR.                                                                                    PLAINTIFF

v.                    Civil No. 5:22-CV-05162-PKH-MEF

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas;
SERGEANT KAYLA RAY; and
LIEUTENANT DEREK STAMPS                                                              DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Pete McCotry, Jr. filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Benton County Detention Center ("BCDC") and is proceeding in this matter *pro se*. The Court previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (ECF No. 2). This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons discussed below, the undersigned recommends that Plaintiff's claims alleging violations of the Health Insurance Portability and Accountability Act ("HIPPA"), claims naming Lt. Derek Stamps and Benton County Shawn Holloway as defendants, and claims naming Sgt. Kayla Ray as a defendant acting in her official capacity be dismissed without prejudice for failure to state a claim.

I.    BACKGROUND

Plaintiff contends that Sgt. Kayla Ray—who is not a medical professional—asked him private, confidential medical questions during booking at the BCDC on February 5, 2022, in

1

violation of HIPPA. (ECF No. 1). Specifically, Plaintiff alleges that Sgt. Ray asked him whether he had been diagnosed with AIDs or any sexually transmitted diseases ("STDs") in the presence of other people, which made him feel uncomfortable and caused him embarrassment. *Id.* Plaintiff argues that Sgt. Ray also failed to properly conduct a medical screening at intake; and, as a result, he was denied adequate medical care for his ankle and access to medication to address his pre-existing mental health condition. *Id.*

Plaintiff reports that he filed a grievance about this issue and Lt. Derek Stamps responded advising him that any deputy could ask him questions about his medical history, that Sgt. Ray is not licensed or a medical doctor, and that no one is supposed to know his medical history. *Id.* Plaintiff contends that Lt. Stamps is violating his rights under HIPPA by allowing individuals who are not licensed medical professionals to ask BCDC inmates questions about their medical history. *Id.* Finally, Plaintiff alleges that Benton County Sheriff Shawn Holloway assigns someone who is not a licensed medical professional—and therefore not qualified—to question inmates about their medical history in violation of HIPPA. *Id.* Plaintiff is suing the named defendants in their official and individual capacities, and he requests compensatory damages for the injuries he allegedly sustained from the alleged civil rights violations. *Id.*

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). To state a claim, moreover, the plaintiff must establish that each defendant "personally violated plaintiff's constitutional rights." *Jackson*, 747 F.3d at 543 (citation omitted).

### III. DISCUSSION

Plaintiff's complaint is deficient for multiple reasons. First, the gravamen of Plaintiff's complaint is that the defendants violated his rights under HIPPA by allowing Sgt. Ray—someone who is not a licensed medical professional—to ask him questions about his medical history. HIPPA, however, does not create an express or implied private right of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPPA does not create a private right of action"); *Adams v. Eureka Fire Protection Dist.*, 352 F. App'x 137, 138-39 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action."). Thus, to the extent Plaintiff is asserting violations of HIPPA as a cause of action, the claims cannot proceed as a matter of law. The undersigned, therefore, recommends that these claims be dismissed without prejudice.

Second, Plaintiff's remaining claim is that he was denied proper medical care in violation of his rights because Sgt. Ray failed to conduct an adequate medical screening at intake, but he also names Lt. Derek Stamps and Benton County Sheriff Shawn Holloway—acting in their official and individual capacities—as defendants in his denial of medical care claims. Yet, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *see also Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (same). "While the doctrine of respondeat superior does not apply to § 1983 cases, a supervisor may still be liable under § 1983 if either his direct action or his failure to properly supervise and train the offending employee caused the constitutional violation at issue." *Jackson*, 747 F.3d at 544.

In this case, Plaintiff's complaint—even when liberally construed—fails to plead any facts suggesting that Lt. Stamps and Sheriff Holloway were personally involved in or directly responsible for the alleged constitutional violation. Further, there are no allegations that these defendants failed to properly train or supervise Sgt. Ray. Thus, it is recommended that any claims against Lt. Stamps and Sheriff Holloway be dismissed as a matter of law for failure to state a claim.

Finally, Plaintiff names Sgt. Ray as a defendant acting in both her official and individual capacities. An official capacity claim against a defendant is the equivalent of a claim against the municipal entity who employs him, in this instance, Benton County, Arkansas. *See Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). To sustain such a claim, a plaintiff must allege the existence of a custom or policy that was the moving force behind the alleged constitutional violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff's complaint falls short. Regarding the claim that Sgt. Ray deprived Plaintiff of proper

4

medical care by failing to conduct an adequate medical screening at intake, there are no allegations that Sgt. Ray was so acting pursuant to county policy. Thus, no official capacity claim has been plead in the complaint. Accordingly, it is recommended that any claim against Sgt. Ray acting in her official capacity be dismissed as a matter of law.

## IV. CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends that the following claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim: (1) claims alleging HIPAA violations; (2) claims naming Lt. Derek Stamps and Sheriff Shawn Holloway as defendants; and (3) claims naming Sgt. Ray as a defendant in her official capacity. *See* 28 U.S.C. § 1915A(b)(1).

This Court will enter a separate order directing the United States Marshals Service to serve the remaining defendant, Sgt. Ray acting in her individual capacity, with a copy of the original complaint and a copy of this Order outlining the claim going forward.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE